UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT GAMBLE | CIVIL ACTION NO. |
| VERSUS | SECTION |
| USAA CASUALTY INSURANCE COMPANY | JUDGE |
| | MAGISTRATE JUDGE |

**COMPLAINT FOR DAMAGES**

Plaintiff, ROBERT GAMBLE (hereinafter at times referred to as "GAMBLE"), through undersigned counsel, respectfully submits this Complaint for Damages against Defendant, USAA CASUALTY INSURANCE COMPANY (hereinafter at times referred to as "USAA"), and makes the following allegations of law and fact:

**PARTIES**

1.

Plaintiff, ROBERT GAMBLE, is a person of the full age of majority, and is a resident of and domiciled in the State of Louisiana.

2.

Made Defendant herein is USAA CASUALTY INSURANCE COMPANY, a foreign corporation that, upon information and belief, is incorporated and existing under the laws of the State of Texas, with its principal place of business in San Antonio, Texas. USAA is authorized to do and doing business in the State of Louisiana as a foreign insurer. USAA may be served through its registered agent for service in the State of Louisiana: Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## JURISDICTION AND VENUE

3.

This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 because GAMBLE and USAA are citizens of different states. GAMBLE is a citizen of and domiciled in the State of Louisiana. USAA is a citizen of the State of Texas as a Texas corporation with its principal place of business in Texas. Moreover, the amount in controversy exceeds $75,000.00.

4.

This Court has personal jurisdiction over USAA because USAA maintains minimum contacts in the State of Louisiana and the causes of action at issue arise out of USAA's contacts in the State of Louisiana. Moreover, USAA is licensed to do and doing business in the State of Louisiana.

5.

Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claim(s) stated herein occurred within this district and within the jurisdiction of this Court.

## FACTS

6.

USAA insured GAMBLE's property located at 2 Cheyenne Loop, Houma, Louisiana 70360, hereinafter referred to as **The Property**.

7.

The insurance contract between USAA and GAMBLE is contained in Policy No. **CIC00247827791A**, hereinafter referred to as **The Policy**.

8.

GAMBLE timely paid all premiums required for **The Policy** to be in full force and effect on the day of the loss in question.

9.

**The Policy** was in full force and effect on August 29, 2021.

10.

**The Policy** required USAA to pay GAMBLE the replacement cost of all wind damage caused to **The Property** by Hurricane Ida.

11.

Hurricane Ida and its aftermath caused damage to **The Property**.

12.

Unfortunately, the bad faith handling of their claim has caused GAMBLE to file this lawsuit to force USAA to abide by **The Policy** and Louisiana law.

13.

In August 2021, Hurricane Ida entered the Gulf of Mexico and began to intensify. By landfall on August 29, 2021, Hurricane Ida was designated a Category 4 hurricane after completing a process known as "rapid intensification".

14.

Hurricane Ida was a deadly and destructive Category 4 Atlantic hurricane that became the second-most damaging and intense hurricane on record to make landfall in the State of Louisiana.

15.

Hurricane Ida made landfall with sustained winds of 150 mph, gusts up to 172 mph, and a minimum central pressure of 929 millibars.

16.

Widely known publicly available information, namely well-established ratings relied upon by the National Oceanic and Atmospheric Administration's National Hurricane Center, describe the expected damage from a Category 4 Hurricane.

17.

USAA knew well before landfall exactly what type of damage to expect from a storm of this severity:

> Well-built framed homes can sustain severe damage with loss of most of the roof structure and/or some exterior walls. Most trees will be snapped or uprooted and power poles downed. Fallen trees and power poles will isolate residential areas. Power outages will last weeks to possibly months. Most of the area will be uninhabitable for weeks or months. *Saffir-Simpson Hurricane Wind Scale.*

18.

Unfortunately, Hurricane Ida experienced little to no weakening prior to landfall making it the strongest hurricane to affect Southeast Louisiana in recorded history.

19.

Wind damage in the storm's path was catastrophic.

20.

The available data confirmed Hurricane Ida was a catastrophic storm.

21.

USAA was very aware before the storm made landfall that the aftermath of a storm like Hurricane Ida is often devastating.

22.

Hurricane Ida caused significant damage to **The Property**, including its structure and contents.

23.

USAA was timely notified of the loss.

24.

USAA's adjuster inspected **The Property** and estimated the cost to repair the damage to be $68,695.27.

25.

The inspection constituted satisfactory proof of loss sufficient to provide USAA with actual knowledge of the scope and extent of the damage to **The Property**.

26.

GAMBLE retained independent professionals to determine the scope and cost of damages caused by Hurricane Ida.

27.

GAMBLE submitted proofs of loss totaling $213,223.64.

28.

The proofs of loss submitted by GAMBLE constituted satisfactory proof of loss sufficient to provide USAA with actual knowledge of the scope and extent of the damage to **The Property**.

29.

To date, USAA has paid $50,858.09.

30.

**The Property** suffered damage due to high winds. Much of the damage is/was visible from a simple visual inspection.

31.

Additionally, the professional contractors, adjusters, and/or engineers retained by GAMBLE determined that the following general and specific areas of **The Property** require repair

and/or replacement due to wind damage (this is not represented as an exhaustive and all-inclusive list):

    a. Roof;

    b. Gutters and Downspouts;

    c. Elevations;

    d. Doors;

    e. Windows;

    f. Fascia

    g. Walls;

    h. Floors;

    i. Ceilings;

    j. Laundry room;

    k. Bathroom;

    l. Garage;

    m. Kitchen/Family room;

    n. Foyer/Entry;

    o. Bedrooms;

    p. Living room;

    q. Dining room;

    r. Hallways;

    s. Stairs;

    t. Exercise room;

    u. Bar;

  v. Front run; and

  w. Fence.

32.

The insurance contract required USAA to pay GAMBLE for Additional Living Expenses (ALE) incurred during the period of evacuation and restoration that they would not have incurred in the absence of a covered loss.

33.

USAA arbitrarily and capriciously denied and/or underpaid GAMBLE's claim.

34.

USAA has violated Louisiana law, specifically, LSA-R.S. 22:1892 and LSA-R.S. 22:1973 in the following ways:

  a. Failed to initiate loss adjustment in a timely and meaningful manner after receiving notice of loss.

  b. Failed to make a written offer to settle within 30 days of receiving satisfactory proof of loss.

  c. Failed to make payment within 30 days of receiving satisfactory proof of loss.

  d. Failed to make payment within 60 days of receiving satisfactory proof of loss.

  e. Misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.

35.

As a result of USAA's breach and violation of LSA-R.S. 22:1892 and LSA-R.S. 22:1973, USAA is liable to GAMBLE for:

  a. Breach of contract;

b. All past, present, and future special (economic) damages suffered by GAMBLE as a result of USAA's breach;

c. All past, present, and future general (non-economic) damages suffered by GAMBLE as a result of USAA's breach, including but not limited to, stress, uncertainty, worry, anxiety, depression, financial distress, mental anguish, frustration, pain, disruption of life, and inconvenience;

d. A penalty of up to two-times the special and general damages suffered by GAMBLE as a result of the breach;

e. A penalty of 50% of the amount found to be due at the time of the breach;

f. Bad faith and/or negligent claims adjusting practices, including but not limited to failing to adequately adjust the property damage and/or Plaintiff(s)' claim, misrepresentation of the terms of the policies, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claims and/or underpayment of relevant claims, failure to pay timely for covered damages known to the Defendant or damages the Defendant should have known existed at the time of the original adjustment or inspection etc., leading to various general and or special damages;

g. All cost of repairs and/or replacement of damages to **The Property** due to wind;

h. Cost of diminution of the value of the property;

i. Additional Living Expenses;

j. Court costs;

k. Additional cost incurred as the result of USAA's bad faith conduct;

    l.  Prejudgment interest at the highest lawful rate from the date of judgment until payment;

    m.  Legal interest;

    n.  Attorney fees;

    o.  Penalties;

    p.  Costs; and

    q.  Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

GAMBLE reserves the right to modify the amount and type of relief sought in the future.

36.

GAMBLE requests a Trial by Jury.

WHEREFORE, the premises considered, Plaintiff, ROBERT GAMBLE, prays that:

I.  Defendant, USAA CASUALTY INSURANCE COMPANY, be served with a copy of this Complaint for Damages and be duly cited to appear and answer same;

II.  After due proceedings had, there be judgment herein in favor of Plaintiff, ROBERT GAMBLE, and against the Defendant, USAA CASUALTY INSURANCE COMPANY, for such sums as may be reasonable under the circumstances of this case, together with legal interest thereon from the date of judicial demand, until paid, and all costs of these proceedings; together with penalties and attorneys' fees as provided by law; and

III.  Plaintiff, ROBERT GAMBLE, be granted all further and different relief as the facts, law, and equity of this case require.

**[ Signature block on next page ]**

                    RESPECTFULLY SUBMITTED BY:

                    **BROUSSARD + WILLIAMSON**
                    *Attorneys for Plaintiff*


                    */s/ Myles D. Ranier*
                    **MYLES D. RANIER (30029)**
                    **C. BARRETT RICE (30034)**
                    **JENNIFER DAVID KHOURI (37092)**

                    **BROUSSARD + WILLIAMSON**

321 Veterans Memorial Boulevard, Suite 205
Metairie, Louisiana 70005
(504) 264-5559  New Orleans Main
(337) 439-2450  Lake Charles Main
(504) 264-5575  Facsimile
myles@bwtriallawyers.com
barrett@bwtriallawyers.com
jen@bwtriallawyers.com


**PLEASE SERVE:**

USAA CASUALTY INSURANCE COMPANY
*Through Its Registered Agent for Service:*
LOUISIANA SECRETARY OF STATE
8585 Archives Avenue
Baton Rouge, Louisiana 70809